IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| EDWING AHMED ALVAREZ | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv177 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Edwing Ahmed Alvarez, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner is confined pursuant to a 2016 conviction from Webb County, Texas. However, petitioner does not attack his criminal conviction or sentence. Instead, petitioner attacks a prison disciplinary proceeding which occurred at the Lewis Unit located in Tyler County, Texas. As set forth above, petitioner is currently confined at the Stiles Unit in Beaumont, Texas.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner was convicted and sentenced in Webb County which is located in the Southern District of Texas. However, petitioner is confined at the Stiles Unit in Jefferson County which is located within the jurisdictional boundaries of the Beaumont division of the Eastern District of

Texas. Thus, jurisdiction is proper in the Eastern District of Texas. However, the petition has been inadvertently filed in the Lufkin division.

While jurisdiction is proper in the Eastern District of Texas, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which petitioner is confined.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner has established no jurisdictional connection to the Lufkin division and jurisdiction is proper in the Beaumont division, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Eastern District of Texas, Beaumont Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Opinion.

**SIGNED this the 24th day of August, 2020.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE