IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWING AHMED ALVAREZ | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv357 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Edwing Ahmed Alvarez, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner contests the validity of a prison disciplinary charge he received on May 3, 2020 for refusing to accept a housing assignment, Disciplinary Report Number 20200186197. Petitioner appeared before the Disciplinary Hearing Officer on May 8, 2020, and he was convicted of the disciplinary charge. As a result of the disciplinary conviction, Petitioner received the following punishment: (1) 45 days' commissary and recreation restriction, (2) 30 days' cell restriction, (3) a reduction in time-earning classification from L-1 to L-2, and (4) a loss of 30 days' good conduct time.

Petitioner asserts the following grounds for relief: (1) there was not a preponderance of the evidence to sustain the charge against him; (2) the disciplinary infraction was issued in retaliation for Petitioner's adherence to TDCJ Safe Prison Program/PREA Plan; (3) the order given by the charging officer was not legitimate because compliance with the order would have placed Petitioner in danger; and (4) he was denied due process and equal protection because the Disciplinary Hearing Officer failed to consider the legitimacy of the order.

## The Response

The Respondent was ordered to show cause why relief should not be granted. In response, the Respondent asserts that Petitioner failed to exhaust available administrative remedies with respect to Claim Two and that such claims are procedurally barred. Additionally, the Respondent contends the Due Process Clause is not implicated by the loss of privileges. Further, the Respondent asserts that Petitioner's claims are without merit and should be denied.

## Analysis

*Standard of Review*

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner is prohibited from relitigating issues that were adjudicated on the merits in state court proceedings, with two exceptions. 28 U.S.C. § 2254(d). The first exception allows a petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in

a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal habeas relief from a state court's determination is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

A determination of a factual issue made by a state court shall be presumed to be correct upon federal habeas review of the same claim. The petitioner shall have the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*Exhaustion and Procedural Default*

The Respondent asserts that Petitioner's Claim Two, alleging that the disciplinary infraction was issued in retaliation for Petitioner's adherence to TDCJ Safe Prison Program/PREA Plan, was not exhausted through the inmate grievance procedure and is procedurally barred.

A person in custody pursuant to the judgment of a state court generally must exhaust available state habeas remedies prior to filing an application in Federal court. Title 28 U.S.C. § 2254 provides in pertinent part the following:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>  (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>  (B)(I) there is an absence of available State corrective process; or

3

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement is satisfied when the substance of the federal habeas claim has been "fairly presented" to the highest state court, i.e., the petitioner presents his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29-33 (2004) (holding a petitioner failed to "fairly present" a claim of ineffective assistance by his state appellate counsel merely by labeling the performance of said counsel "ineffective," without accompanying that label with either a reference to federal law or a citation to an opinion applying federal law to such a claim). The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal habeas petition. *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982); *Riley v. Cockrell*, 339 F.3d 308, 318 (5th Cir. 2003) ("It is not enough that the facts applicable to the federal claims were all before the State court, or that the petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court."), *cert. denied*, 543 U.S. 1056 (2005); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) ("where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement").

"Texas state courts will not entertain habeas corpus challenges to prison disciplinary proceedings." *Anthony v. Johnson*, 177 F.3d 978, 1999 WL 197119, at *1 (5th Cir. 1999) (citing *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988)); *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986). A federal court may not grant habeas relief, however, to a petitioner who has failed to exhaust all administrative remedies challenging a prison disciplinary proceeding. *See*

*Rourke v. Thompson*, 11 F.3d 47, 49 at n.6 (5th Cir. 1993); *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980). A state prisoner must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. *See* 28 U.S.C. § 2254 (b) and (c). Further, an unexhausted claim is procedurally defaulted absent a showing of cause for the default and actual prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

The Texas Department of Criminal Justice, Correctional Institutions Division currently employs a two step grievance procedure which takes approximately 90 days to exhaust. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). Step one of the grievance procedure involves the prisoner submitting a grievance to the unit grievance coordinator. The unit grievance investigator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The authorized decision maker for a step one grievance is the warden or assistant warden.

Step two of the grievance procedure involves the prisoner submitting an appeal to the division grievance investigator at TDCJ-CID headquarters. The division grievance investigator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The decision maker for a step two grievance is the regional director or assistant director.

A review of the grievance records submitted along with the response in this case confirms the Respondent's assertion that Petitioner failed to properly exhaust the administrative remedy process regarding his claim that the disciplinary case was brought in retaliation for his adherence

to the PREA plan. Petitioner did not raise the claim in his Step One grievance, and it was not addressed by prison officials. As a result, Petitioner failed to fairly present this claim to prison officials through the grievance procedure and, therefore, the claim is unexhausted. Further, Petitioner has failed to either demonstrate cause or prejudice for failing to exhaust administrative remedies or a fundamental miscarriage of justice. Accordingly, Petitioner's claim is procedurally barred.

*Denial of Due Process*

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest. State-created liberty interests protected by the Due Process Clause are generally limited to freedom from restraint imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995).

In *Sandin*, the Court adopted a new and different methodology for determining whether a state has created a protected liberty interest to benefit prison inmates. *Id*. at 478-483. Rather than focusing on the presence or absence of mandatory statutory or regulatory language, [See, e.g., *Hewitt v. Helms*, 459 U.S. 460 (1983).] the Supreme Court determined that the reviewing court should consider the nature of the challenged state action and whether it involved such a significant departure from normal prison conditions that the state might have conceivably created a liberty interest. *Id*. at 486-87.

Protected "interests are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In Texas, prisoners eligible for release on mandatory supervised

release, may have a protected liberty interest in previously-earned good conduct time. *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002); *Malchi v. Thaler,* 211 F.3d 953, 956-58 (5th Cir. 2000). However, being placed in disciplinary confinement, losing commissary and property privileges for thirty days, and remaining at the same time earning class are not sanctions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. 485-86; *see also Madison*, 104 F.3d at 768 (concluding that imposing thirty days of commissary and cell restrictions as punishment constitutes mere changes in the conditions of a prisoners confinement and do not implicate due process concerns); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause."), *cert. denied, Luken v. Johnson,* 517 U.S. 1196 (1996); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.) ("An inmate has neither a protectible property nor liberty interest in his custody classification . . . ."), *cert. denied*, 488 U.S. 985 (1988).

Here, Petitioner complains that he received commissary, phone, and cell restrictions; a reduction in time-earning classification; and lost 30 days' good conduct time. Therefore, because Petitioner is eligible for mandatory supervision, due process concerns are implicated based on Petitioner's loss of good conduct time.

The due process that an inmate must receive in a disciplinary hearing is: (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the factfinders as to the evidence relied on and the reasons for the disciplinary action taken, and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. *Wolff v. McDonnell*, 418 U.S. 539,

7

563-66 (1974); *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993).

    a.    *Notice*

The incident at issue in this case occurred on May 3, 2020, and a disciplinary report was completed by the reporting staff member on the same date. Petitioner was given notice and a copy of the incident report on May 6, 2020 and Petitioner waived the 24 hour notice. Further, the disciplinary hearing was not conducted by the DHO until May 8, 2020, two days after written notice was given to Petitioner. Accordingly, Petitioner has failed to show a *Wolff* violation regarding written notice of the charges against him at least 24 hours before the hearing.

    b.    *Opportunity to Appear and Present Evidence*

Petitioner was advised of his right to appear, to have a staff representative represent him at the hearing, to call witnesses, and to present documentary evidence. Petitioner was represented at the disciplinary hearing by a counsel substitute, K. Amburn. Additionally, Petitioner attended the hearing and testified to his version of the events. Petitioner did not request the presence of any witnesses. Petitioner has failed to show the denial of a constitutional right to appear at the hearing and present evidence.

Moreover, even assuming, *arguendo*, that Petitioner had shown a *Wolff* violation, a petitioner must show he was prejudiced as a result of the violation. When a procedural safeguard is overlooked there must be a showing of prejudice as a result of the alleged constitutional violation. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993). While no constitutional violation was found, it is further noted that

Petitioner has failed to show he was prejudiced by any alleged deprivation. Petitioner has failed to show prejudice by showing the hearing outcome would have changed.

      *c.*      *Evidentiary Standard and Statement of Factfinders*

Finally, Petitioner complains that the finding of guilt in this case was not supported by the greater weight of the evidence. Petitioner asserts three arguments in this regard. First, in Claims One and Three, Petitioner argues that there was not a preponderance of the evidence to sustain the charge against him because he was charged with refusing housing after expressing concerns for his safety. Therefore, according to Petitioner, the order given by the charging officer was not legitimate because compliance with the order would have placed Petitioner in danger. Next, Petitioner argues that he was denied due process and equal protection because the Disciplinary Hearing Officer failed to consider the legitimacy of the order.

In reviewing prison administrative actions, the court must uphold administrative decisions unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984). Federal courts will not review a disciplinary hearing officer's factual findings *de novo*, instead the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986), *cert. denied*, 476 U.S. 1117 (1986). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id*. at 536-537. If a procedural safeguard is overlooked, however, there

must be a showing of prejudice as a result of the alleged constitutional violation. *See Hallmark*, 118 F.3d at 1080; *Simpson*, 995 F.2d at 609.

Here, Petitioner's arguments are without merit. The evidence in this case shows Petitioner refused to return to his housing assignment when ordered. The charging officer considered Petitioner's assertion that he was in danger and initiated an Offender Protection Investigation which was completed before the case was served on Petitioner. *See* Hearing Work Sheet, Doc. #28-2 at *7-8. The record also shows that Petitioner was offered an alternate housing assignment in a housing area or building close to his current assignment, but he refused the offer because he was attempting to move to a particular cell, K-110, which is located in a building to which Petitioner could not be relocated because of COVID-19 concerns. *See* Witness Statement, Doc. #28-2 at *8, *10. After consideration of all of the evidence, the hearing officer decided the greater weight of the evidence was against Petitioner, and Petitioner was found guilty of the charged offense.

It is well settled in the Fifth Circuit that an inmate has no protected interest in any particular custody or security classification, once incarcerated. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998). Nor does Petitioner have a constitutional right to a particular housing assignment. *See Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000). The classification of prisoners is a matter within the discretion of prison officials. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). Thus, Petitioner's claims that the order was not legitimate or that the evidence was insufficient to sustain the disciplinary conviction are without merit.

Further, Petitioner's conclusory allegations of discrimination are insufficient to state a claim upon which habeas relief may be granted. "Absent evidence in the record, a court cannot consider

a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Petitioner has failed to satisfy his burden with respect to this claim.

As set forth above, information provided in a written incident report standing alone can satisfy the "some evidence" standard; thus, the evidence in this case is unquestionably sufficient to support Petitioner's disciplinary conviction. Therefore, Petitioner has failed to show a constitutional violation, and the Petition should be denied and dismissed.

Also, as previously set forth, even assuming, *arguendo*, that Petitioner has shown a *Wolff* violation, Petitioner must show he was prejudiced as a result of the violation. When a procedural safeguard is overlooked there must be a showing of prejudice as a result of the alleged constitutional violation. *See Hallmark*, 118 F.3d at 1080; *Simpson*, 995 F.2d at 609. While no constitutional violation was found, it is further noted that Petitioner has failed to show he was prejudiced by any alleged deprivation. Petitioner has failed to show prejudice by showing the hearing outcome would have changed. Accordingly, Petitioner's grounds for review are without merit and do not provide a basis for federal habeas corpus relief.

## Recommendation

The above-styled Petition for Writ of Habeas Corpus should be denied and dismissed.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 1st day of August, 2023.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE